Submitted on plea of no contest and stipulation for discipline June 20, suspension ordered July 10, 1984

# In re Complaint as to the Conduct of
# ROBERT L. STEVENSON,
*Accused.*

## (OSB 80-84; SC S30873)

683 P2d 550

## MEMORANDUM OPINION

The Oregon State Bar filed a complaint against Robert L. Stevenson on December 20, 1983, accusing him of unethical conduct. On May 4, 1984, Stevenson and the Oregon State Bar Board of Governors entered into a Stipulation of Discipline pursuant to Rules of Procedure 37.1.[1] This stipulation was accepted by the Disciplinary Review Board on June 15, 1984.

The amended complaint listed twenty-eight causes of complaint. The Stipulation of Discipline contains six violations of DR 5-105(A), (B) and (C),[2] one violation of DR 5-104(A),[3] four violations of DR 5-101(A)[4] and one violation of DR 6-101(A)(3).[5] The Board of Bar Governors agreed to

---

[1] This procedure is now found at Rules of Procedure 3.6, effective January 3, 1984.

[2] DR 5-105(A), (B) and (C) provide:

"(A) A lawyer shall decline proffered employment if the exercise of his independent professional judgment in behalf of a client will be or is likely to be adversely affected by the acceptance of the proffered employment, except to the extent permitted under DR 5-105(C).

"(B) A lawyer shall not continue employment if the exercise of his independent professional judgment in behalf of a client will be or is likely to be adversely affected by his representation of another client, except to the extent permitted under DR 5-105(C).

"(C) In the situations covered by DR 5-105 (A) and (B), a lawyer may represent multiple clients if it is obvious that he can adequately represent the interest of each and if each consents to the representation after full disclosure of the possible effect of such representation on the exercise of his independent professional judgment on behalf of each."

[3] DR 5-104(A) provides:

"(A) A lawyer shall not enter into a business transaction with a client if they have differing interests therein and if the client expects the lawyer to exercise his professional judgment therein for the protection of the client, unless the client has consented after full disclosure."

[4] DR 5-101(A) provides:

"(A) Except with the consent of his client after full disclosure, a lawyer shall not accept employment if the exercise of his professional judgment on behalf of his client will be or reasonably may be affected by his own financial, business, property, or personal interests."

[5] DR 6-101(A)(3) provides:

"(A) A lawyer shall not:

"* * * * *

"(3) Neglect a legal matter entrusted to him."

withdraw the remaining counts of the amended complaint in exchange for the stipulation.

The violations of DR 5-105(A), (B) and (C) involved the following: (1) the representation by the accused of both the buyers and seller of a commercial building without disclosing to the parties his multiple representation and without obtaining consent from the clients to the multiple representation; (2) the representation by the accused of two parties who had different interests in the formalization of lease agreements and the transfer of interest in commercial property without making the required disclosures and advising that independent counsel and advice should be sought; (3) the accused's participation in forming a corporation for the purchase and development of real property and representation of shareholders with differing interests without the accused's disclosing his multiple representation and without obtaining consent to represent the multiple clients; (4) the accused's representation of a client who borrowed money to enable a corporation, also a client of the accused and in which the borrower was a shareholder, to purchase property without advising either the shareholder or the corporation to seek independent counsel; (5) representation by the accused of a shareholder and the corporation in the matter of improvements to property without advising them to seek independent counsel; (6) the accused's representation of a partnership and individual partners in the purchase and later sale of property in Hawaii without making the required disclosures so as to authorize his multiple representation of their interests in the transactions.

The violation of DR 5-104(A) occurred when the accused entered into a business transaction with his clients involving the purchase of the commercial building. The accused had a differing interest than that of his client and the client expected him to exercise his professional judgment for her protection.

The four violations of DR 5-101(A) resulted when: (1) the accused became personally financially involved in the purchase of commercial property with his clients; (2) the accused, while a shareholder in a corporation that was interested in obtaining certain property and while representing the other shareholders, financed the property in his own name

and received the deed; (3) the accused was a shareholder in the corporation which benefited from a loan made to the corporation by one of its shareholders who was the accused's client; and (4) the accused participated in a partnership in which his client was also a partner and represented the client in a dispute regarding the termination of the client's partnership interest. In all of these instances the exercise of the accused's professional judgment reasonably may have been affected by his own financial, business, property or personal interests and the consent of his client was not obtained after full disclosure.

The violation of DR 6-101(A)(3) resulted from the accused's failure to file a Subchapter S election in behalf of a corporation he represented. This constituted neglect of a legal matter entrusted to the accused.

The stipulation indicates the accused has no prior record of reprimand, suspension or disbarment. The stipulation also recites that the accused recognizes that at the time of the ethical violations he failed to identify and respond to circumstances in which conflicts arose in his practice. The accused has completed and passed a course in legal ethics. The stipulation also states that the accused agrees to accept discipline in the form of a suspension for the practice of law for two and one-half years in exchange for the stipulation.

The stipulation contains a verification that the contents of the stipulation are true and that the accused enters into the stipulation freely and voluntarily. The Disciplinary Review Board recommends that this court accept the Stipulation of Discipline. Petitioner requests that the suspension not take effect until July 1, 1984 or thereafter as set by this court.

We accept the Stipulation of Discipline. The accused is suspended from the practice of law for two and one-half years, beginning July 31, 1984. ORAP 11.03(4). The Oregon State Bar is awarded costs.