Argued and submitted April 10, 1985, reversed and remanded January 29, reconsideration denied March 14, petition for review denied April 15, 1986 (300 Or 722)

In the Matter of the Compensation of
Charles M. Kepford, Claimant.

KEPFORD,
*Petitioner,*

*v.*

WEYERHAEUSER CO.,
*Respondent.*

(82-10296; CA A33652)

713 P2d 625

James L. Edmunson, Eugene, argued the cause for petitioner. With him on the brief were Nicholas M. Sencer and Malagon & Associates, Eugene.

Paul L. Roess, Coos Bay, argued the cause for respondent. With him on the brief was Foss, Whitty & Roess, Coos Bay.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

BUTTLER, P. J.

## BUTTLER, P. J.

Claimant seeks review of a Workers' Compensation Board order which affirmed and adopted the referee's determination that surgery necessitated by claimant's degenerative disc disease was not compensable.

Claimant, a logger, injured his back at work in 1971 and 1972. By stipulation entered April, 1974, he received an award of 5 percent permanent partial disability. In August, 1974, he suffered yet another back injury. A claim for compensation was closed by a November 17, 1978, determination order, which provided for intermittent temporary total disability over more than four years, but no permanent partial disability. Claimant requested a hearing, and the referee determined that claimant's back condition was not the result of the 1974 injury, but was due to a preexisting disc disease which had not been permanently worsened by the injury. Accordingly, no permanent disability compensation was awarded. The Board affirmed in July, 1980; there was no appeal.

Claimant's back condition continued to deteriorate until the surgery in question was performed in October, 1981. He sought compensation for the surgery, claiming that it was necessitated by the degenerative disc disease, which he alleged had been worsened by work conditions. Employer denied the claim. At the hearing, the referee held that she was bound, as a matter of law, by the 1979 order which held that the disc disease had not been permanently worsened by the 1974 injury.

We do not understand why the 1979 order, which dealt with the extent of claimant's disability caused by the 1974 injury, should control here. Although it is true that the referee in 1979 determined that the 1974 injury had not permanently worsened claimant's disc disease as of that time, that does not mean that the injury, along with all of the job conditions to which claimant has been subjected, might not be the major causes of a worsening of the disc disease by this time. An aggravation of a preexisting disease may be a separate compensable condition. *Wheeler v. Boise Cascade,* 298 Or 452, 683 P2d 550 (1985). The present claim for occupational disease seeks a determination that the cumulative effect of claimant's injuries and the conditions of

his employment have caused a worsening of his disc disease, which necessitated the October, 1981, surgery. That issue is a new one that was not involved in the 1979 determination and, therefore, is not controlled by it.

■　　　The referee also held that, in determining whether claimant's work as a logger was the major contributing cause of the worsening of the disc disease, the residuals of previously accepted injuries should not, as a matter of law, be considered. The order states that claimant already has been compensated by the benefits he has received for any residuals of the 1971, 1972 and 1974 injuries that might have caused a worsening of the disease.

The 5 percent disability award for the 1971 and 1972 injuries compensated claimant for permanent disability then known to have been caused by those injuries. It did not compensate for any permanent disability from a worsening of the disc disease which might later develop. The referee should have considered whether the job injuries for which compensation had been paid, along with the conditions of employment, were the major contributing cause of the worsening of the disc disease. *See SAIF v. Gygi,* 55 Or App 570, 639 P2d 655, *rev den* 292 Or 825 (1982).

■　　　Employer argues, citing *Million v. SAIF,* 45 Or App 997, 610 P2d 285 (1980), that claimant is precluded by the doctrine of *res judicata* from claiming compensation for the worsening of a preexisting disease, because that theory should have been argued in 1979. There is no evidence, however, that in 1979 claimant's back condition had reached the point that it necessitated additional treatment. The evidence presented at the 1983 hearing, including the post-surgical findings regarding the cause of the worsened condition, constituted a new set of facts that could not have been litigated in 1979.

■　　　The uncontroverted medical opinion is that claimant's work as a logger and mill worker, including the 1974 injury, was the major contributing cause of the worsening of claimant's preexisting disc disease. Dr. Whitney, who performed the surgery, stated in a 1984 report:

> "I feel that Mr. Kepford's employment was the major contributing cause of his degenerative spinal disease. There is a certain amount of aging that would cause degenerative spinal disease. However, the spinal stenosis and the degree of

disc degeneration in this gentleman, would be more than one would anticipate under normal circumstances for his age, without intervening trauma."

That report may be interpreted to mean either that claimant's employment *caused* the disease or that his employment caused the disease to worsen. In either case, the condition is compensable, because a worsening of the disease necessarily means that the underlying condition has worsened. *See Weller v. Union Carbide,* 288 Or 27, 602 P2d 259 (1979).

We conclude that claimant's preexisting back disease was worsened by work injuries and conditions and that he is entitled to compensation.

Reversed and remanded for determination of the extent of disability.