Argued and submitted January 10, reversed and remanded with instructions
May 14, 1986

In the Matter of the Compensation of
James E. Carlson, Claimant.
**CARLSON,**
*Petitioner,*
*v.*
**SAIF CORPORATION et al,**
*Respondents.*
(WCB 84-02203; CA A35106)
719 P2d 54

David C. Force, Eugene, argued the cause and submitted the brief for petitioner.

Darrell E. Bewley, Assistant Attorney General, Salem, argued the cause for respondent. On the brief were Dave Frohnmayer, Attorney General, James E. Mountain, Jr., Solicitor General, and Linda DeVries Grimms, Assistant Attorney General, Salem.

Before Gillette, Presiding Judge, Pro Tempore, and Van Hoomissen and Young, Judges.

VAN HOOMISSEN, J.

## VAN HOOMISSEN, J.

Claimant seeks review of an order of the Workers' Compensation Board that affirmed the referee's order sustaining SAIF's denial of his occupational disease claim for bilateral rotator cuff tendonitis. The issue is compensability. On *de novo* review, we reverse and remand.

Claimant, age 61 at the time of the hearing, worked for employer on the green chain pulling veneer from 1967 until 1983. Before that he had worked on the green chain for another employer for six years. In January, 1983, he started feeling pain in his shoulders. By June, 1983, he was unable to continue working. In January, 1984, he filed a claim for compensation. He alleged that "[s]ixteen years on green chain either caused or accelerated the bilateral rotator cuff tendonitis." SAIF denied the claim.

Dr. Baker, claimant's treating orthopedic physician, diagnosed his problem as bilateral rotator cuff tendonitis with partially frozen shoulders "due to wear and tear over the past 60 years." He could not say with reasonable medical probability that claimant's problem was specifically caused by his work. He said that it was the result of wear and tear that must be attributed, at least in part, to claimant's work activity over the years and that he would not have reached his present level of disability had he not been working on the green chain or some equivalent activity.

Dr. Degge, an orthopedic physician, examined claimant at SAIF's request. He stated that, although the underlying condition may have been pre-existing and non-work related, his present problem "apparently developed * * * as a result of repetitive use of the arms while working on the green chain over a prolonged period." He concluded that "[w]hile the condition of [claimant's] neck and shoulders might have occurred as a natural progression of his chronic [pre-existing] condition, there is little doubt that the repetitive use of his arms in pulling, lifting, pushing, etc., accelerated this process *and would, therefore, constitute an aggravation of a pre-existing condition.*" (Emphasis supplied.)

In order to prevail, claimant had to prove by a preponderance of the evidence that his work activity and conditions caused a worsening of his underlying disease

resulting in an increase in pain to the extent that it produced disability or required medical services. *Weller v. Union Carbide,* 288 Or 27, 35, 602 P2d 259 (1979).

We understand both doctors to have concluded that claimant's work on the green chain caused a worsening of his pre-existing condition. That worsening caused increased pain, which required him to seek medical services. Both doctors agree that he would not have reached his present level of disability without the effects of his employment. *See Kepford v. Weyerhaeuser Co.,* 77 Or App 363, 366-67, 713 P2d 625, *rev den* 300 Or 722 (1986). We conclude that his condition is compensable. *Weller v. Union Carbide, supra.*

Reversed and remanded with instructions to accept claim.