Argued and submitted May 8, affirmed October 11, 1989

In the Matter of the Compensation of
Lonnie A. Rush, Claimant.

ARGONAUT INSURANCE COMPANY et al,
*Petitioners,*

*v.*

RUSH,
*Respondent.*

(WCB 87-09727; CA A49821)

780 P2d 748

Bradley R. Scheminske, Portland, argued the cause for petitioners. On the brief were Thaddeus J. Hettle and Scheminske & Lyons, Portland.

Howard R. Nielsen, Portland, argued the cause and filed the brief for respondent. On the brief was Vick & Gutzler, Portland.

Before Graber, Presiding Judge, and Riggs and Edmonds, Judges.

RIGGS, J.

## RIGGS, J.

■    Employer seeks review of an order of the Workers' Compensation Board that reversed the referee's order and found that claimant's medical services claim for a low back injury relates to his accepted work injury. We review for errors of law and substantial evidence and affirm. *Armstrong v. Asten-Hill Co.*, 90 Or App 200, 752 P2d 312 (1988).

Claimant sustained a compensable on-the-job injury to his low back in June, 1981. He experienced pain that extended down both legs. A March, 1982, determination order awarded temporary disability benefits and 10 percent unscheduled permanent partial disability.

In September, 1982, claimant sustained an off-the-job injury that led to increased back and leg pain. In December, 1982, herniated discs at L3-4 and L4-5 were diagnosed. Employer's insurer denied claimant's aggravation claim. He requested a hearing. The issues at the hearing were the compensability of the aggravation claim, the extent of low back disability and the offset of overpayments. The referee concluded that claimant had failed to prove a causal connection between his condition and his compensable 1981 injury and, therefore, affirmed the denial of the aggravation claim. He also allowed claimant an additional 10 percent unscheduled permanent partial disability.

In April, 1985, claimant began treatment with Dr. Berardi, a chiropractor, for low back pain radiating to both legs. Berardi diagnosed a lumbar strain syndrome and intervertebral disc syndrome. He treated claimant 10 to 12 times. The insurer paid for those treatments. Claimant returned to Berardi in February, 1987, for additional treatments. At the time, he was experiencing increased symptoms, again involving his low back and legs. The insurer received Berardi's bills for those treatments but did not pay or deny them. In June, 1987, claimant filed a request for a hearing on the "*de facto*" denial of Berardi's bills.

Employer first assigns as error the Board's failure to bar claimant's current claim for medical services on *res judicata* grounds. In its second assignment, it charges that there was not substantial evidence to support the Board's conclusion that "Dr. Berardi's testimony supports a finding that the

compensable 1981 injury is a material cause of [claimant's] current symptom complex and need for treatment." Because resolution of the second assignment of error simplifies analysis of the first assignment, we address it first.

The only medical evidence concerning the cause of claimant's current symptoms comes from Dr. Berardi. Although there is no contradictory evidence, employer argues that Berardi's testimony is "inconsistent, self-serving and does not establish how the treatment he is providing is related to the compensable 1981 injury as opposed to claimant's noncompensable [1982 injury]." Employer is in essence arguing that Berardi's evidence is not credible. The referee made no findings on credibility, but upheld the insurer's denial on the basis that the claim was barred by *res judicata*. The Board disagreed with the referee's legal conclusion and found that the evidence supported the claim's compensability.

■■ We do not evaluate the credibility of witnesses. *1000 Friends of Oregon v. LCDC (Lane Co.),* 305 Or 384, 402, 752 P2d 271 (1988). Instead, we review for substantial evidence; that is, whether "the record, viewed as a whole, would permit a reasonable person to make that finding." ORS 183.482(8)(c). The Board implicitly believed Berardi's testimony, and that testimony is not so inconsistent that reliance on it is unreasonable. We conclude that the Board's finding that the "compensable 1981 injury is a material cause of [claimant's] current symptom complex and need for treatment" is supported by substantial evidence in the record.

■ Claimant's current treatments are compensable, if the need for them results from the compensable rather than from the noncompensable condition. The compensable injury need not be either the sole or the most significant cause of the current need for treatment. *Van Blokland v. Oregon Health Sciences University,* 87 Or App 694, 698, 743 P2d 1136 (1987). Consequently, we affirm the Board's conclusion that claimant's medical services claim is compensable.

■ Employer's first assignment of error, that claimant's medical services claim is barred by *res judicata,* is answered by our conclusion regarding compensability. Employer essentially argues that the condition for which claimant is now receiving treatment is the same condition that was found to be

unrelated to the compensable work injury in the 1983 aggravation hearing. If that were correct, the current claim would be barred, because the issue of the causal relationship between the compensable 1981 injury and the 1982 condition would have been fully litigated in the 1983 aggravation hearing. *North Clackamas School Dist. v. White,* 305 Or 48, 750 P2d 485, *modified* 305 Or 468, 752 P2d 1210 (1988). However, because the Board properly determined that part of claimant's current need for requiring medical services is causally related to the compensable injury, *res judicata* does not bar the claim for those services.

Affirmed.