Argued and submitted October 9, reversed and remanded December 6, 1989, reconsideration denied February 9, petition for review denied April 3, 1990 (309 Or 645)

In the Matter of the Compensation of
Raymond R. Bird, Claimant.

LIBERTY NORTHWEST INSURANCE
CORPORATION et al,
*Petitioners,*

*v.*

BIRD,
*Respondent.*

(87-16838; CA A60337)

783 P2d 33

Stafford J. Hazelett, Portland, argued the cause and filed the brief for petitioners.

Darris K. Rowell, Salem, filed the brief for respondent. With him on the brief was Olson, Rowell & Walsh, Salem.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

WARREN, J.

## WARREN, J.

Employer seeks review of an order of the Workers' Compensation Board setting aside the insurer's denial of medical benefits and determining that claimant's request for surgery was not barred by *res judicata*. We reverse and remand.

Claimant injured his thumb and wrist at work in 1986. Liberty Northwest accepted the claim. Later, several doctors examined claimant and made varying diagnoses. Dr. Ellison diagnosed left trigger thumb and carpal tunnel syndrome and requested authorization for surgery. Liberty Northwest denied authorization for surgery on February 17, 1987, stating that it was not reasonable and necessary and that claimant's condition resulted from an unrelated psychological condition. Claimant requested a hearing. On May 26, 1987, Liberty Northwest refused a second request for medical benefits, stating that the treatment did not result from the accepted injury. Claimant again requested a hearing, and the cases were consolidated. However, claimant withdrew his requests for hearings on both refusals, and the referee dismissed the case on August 6, 1987.

Later, in August, 1987, Dr. Lafrance, a neurologist, performed nerve conduction studies that confirmed the diagnosis of left trigger thumb and carpal tunnel syndrome. He referred claimant to Dr. Henshaw, an orthopedic surgeon, who requested authorization for surgery.

Liberty Northwest refused the authorization on October 12, 1987. This time it stated that claimant's conditions did not result from his employment or from his accepted injury. Claimant requested a hearing, and the referee held that he was barred by *res judicata*. The Board reversed. It held that each new request for prospective medical services is a distinct claim and that, therefore, claimant's request was not barred by *res judicata*. It also found that the record had been fully developed and that it could decide the merits of the medical benefit request. It held that claimant's condition resulted from the compensable injury but did not make a separate determination that the condition had changed since the February 17, 1987, benefit refusal.

Under ORS 656.245, an insurer must pay a claimant's reasonable and necessary medical expenses for conditions

resulting from a compensable injury. That duty continues throughout the claimant's life and is not dependent on a showing of aggravation. *Wait v. Montgomery Ward, Inc.,* 10 Or App 333, 499 P2d 1340, *rev den* (1972). Employer contends that, notwithstanding that rule, the unappealed February 17 refusal of the request for authorization of surgery precludes consideration of the present request.

■    In workers' compensation cases, when a claim for medical services is reasserted after being once denied, the question is whether the claimant's condition has changed so as to have created a new set of operative facts that previously could not have been litigated. *See Argonaut Ins. Co. v. Rush,* 98 Or App 730, 780 P2d 748 (1989); *Kepford v. Weyerhaeuser,* 77 Or App 363, 713 P2d 625, *rev den* 300 Or 722 (1986).

In *Million v. SAIF,* 45 Or App 1097, 610 P2d 285, *rev den* 289 Or 337 (1980), the claimant was injured at work in 1972, and SAIF accepted the injury. In 1975, she had surgery on her shoulder. Her claim for compensation for the surgery was denied because of insufficient evidence connecting her shoulder condition to the 1972 injury. In 1978, she again sought compensation for the 1975 surgery, this time arguing that her condition was caused by her work activities from 1973 to 1975. We held that the initial denial precluded consideration of the 1978 claim, because claimant could have presented that evidence at the time of the first hearing.

■    Like *Million,* the present case involves one injury and two requests for surgery. Employer denied authorization for surgery that Ellison requested for claimant's left trigger thumb and carpal tunnel syndrome. In the same year, claimant again sought authorization for surgery requested by Henshaw, apparently for the same conditions. The Board's opinion does not explain why the later request is any different from the earlier one, other than the difference in doctors, or why the later request could not have been asserted at the same time as the earlier one.

■    The Board held that claim preclusion is not a bar, because the surgery for which payment is sought has not been performed yet. That fact does not take this case outside the rule of *Million v. SAIF, supra.* Whether the treatment has been performed or not, the claimant has one opportunity to prove that a particular treatment for a particular condition is

reasonable and necessary and is related to a particular compensable injury. ORS 656.245. A claimant is not entitled to relitigate the issue just because he finds new evidence in support of his claim.

Although a claimant may be barred from presenting new evidence relating to the same condition, he may renew a request for medical services if his condition has changed *and* the request is supported by new facts that could not have been presented earlier. *See Argonaut Ins. Co. v. Rush, supra,* 98 Or App at 735; *Kepford v. Weyerhaeuser, supra,* 77 Or App at 365. In this case, the Board did not determine whether claimant's condition for which he seeks treatment had changed since the earlier request. Unless it has, the claim is barred. Whether claimant has presented evidence of a change in his condition in support of his renewed request for treatment is for the Board to decide; accordingly, we remand to the Board for a determination of that question.

Reversed and remanded.