Argued and submitted January 31, reversed and remanded September 11, 2013

In the Matter of the Compensation of
Minkyu Yi, Claimant.
Minkyu YI,
*Petitioner,*

*v.*

CITY OF PORTLAND,
*Respondent.*

Workers' Compensation Board
1004668; A149936

310 P3d 710

Donald M. Hooton argued the cause and filed the briefs for petitioner.

Ian M. Leitheiser argued the cause and filed the brief for respondent.

Before Ortega, Presiding Judge, and Sercombe, Judge, and Hadlock, Judge.

HADLOCK, J.

## HADLOCK, J.

Claimant seeks review of a Workers' Compensation Board order upholding employer's denial of claimant's combined-condition claim. Claimant contends that the denial should have been set aside on claim-preclusion grounds because employer denied the claim twice in the past, those denials were set aside, and the current denial is not based on any change in his condition following the litigation of either of the previous denials. We agree with claimant and reverse the board's order.

Claimant filed a workers' compensation claim after he suffered a lumbar strain at work on April 16, 2007. Medical examinations revealed that claimant's disability and need for treatment resulted from the lumbar strain combined with a preexisting degenerative disc disease. Employer issued a notice of acceptance for the combined condition, effective April 16, the date of injury. Two doctors—Dr. Thiessen, claimant's attending physician, and Dr. Young, an orthopedist—examined claimant and reported their conclusions to employer's claims examiner. Young, who had examined claimant on June 19, reported on August 7, 2007, that any continuing need for treatment would be attributable to the preexisting disc disease, but he did not specify a date on which the lumbar strain had become medically stationary. Thiessen reported about a week later that the lumbar strain had resolved between the end of May and mid-July.

On August 23, 2007, employer issued a denial of the claim's compensability on the ground that the lumbar strain was no longer the major contributing cause of claimant's disability. Employer listed the effective date of the denial as June 19, 2007—the date that Young had examined claimant.

Claimant requested a hearing, which was held in July 2008. An administrative law judge (ALJ) upheld the denial, but the Workers' Compensation Board set it aside because the doctors' reports did not support the conclusion that the lumber strain had ceased to be the major contributing cause of claimant's disability by June 19, 2007. The record does not include any indication that employer sought judicial review of the board's order.

In December 2009, employer denied compensability a second time. This time, employer stated that the lumbar strain "was no longer the major contributing cause of the disability or need for treatment of the combined condition by August 16, 2007"—the day after Thiessen reported that the lumbar strain had resolved.

Claimant requested a hearing. The ALJ set aside the denial on claim-preclusion grounds, reasoning that employer could have asserted its position at the July 2008 hearing on the first denial. Employer did not seek review of that ruling.

Claimant then asked employer to issue a notice of closure and to determine impairment. Employer contacted Thiessen, who recommended that claimant "be examined again to assess his current condition and obtain sufficient information to determine medically stationary status and the extent of any permanent disability associated with the combined condition." Thiessen referred claimant to Young for a closing examination.

Young examined claimant and reported that there had been "no change in his overall medical status * * *." Young added, "He is medically stationary. As I previously discussed when I saw him back in 2007, I think that his residuals are due to preexisting degenerative disk disease." Thiessen concurred with Young's assessment.

In August 2010, employer denied compensability a third time. The notice cited the doctors' conclusions and stated that the denial was "effective immediately."

Claimant requested a hearing, asserting that the third denial, like the second, was barred by claim preclusion. Claimant's attorney deposed Thiessen and Young. Thiessen testified that, in his opinion, there was never a time after June 19, 2007, at which the lumbar strain was the major contributing cause of claimant's disability or need for treatment. Young testified that soft-tissue injuries such as strains typically heal within three months, and he agreed that "three months out from the date of the injury, [the lumbar strain] was probably not the major contributing cause[.]" In other words, Young opined that the lumbar strain had resolved by mid-July 2007.

After a hearing, the ALJ rejected claimant's claim-preclusion argument:

"Claim preclusion does not apply to the facts of this case because the August 11, 2010 denial denied claimant's current combined lumbar condition as of August 11, 2010, contending it was no longer compensable as of that date. This question could not have been litigated at any of the prior proceedings. Therefore, claim preclusion does not bar its consideration now. Also, the August 11, 2010 current condition denial was not effective until well after the previous proceedings and orders. Therefore, the claim determination was not final."

(Citations omitted.) The ALJ found that Young's report established that claimant's lumbar strain had ceased to be the major contributing cause of his combined condition and, therefore, approved employer's denial of the claim. The board adopted and affirmed the ALJ's order.

Claimant now seeks judicial review, reiterating his contention that the third denial was barred by claim preclusion. Employer responds that the third denial could not have been litigated in the earlier proceedings, asserting that the denial was based on "new, current medical evidence" from Thiessen and Young, including a new physical examination of claimant, that established that the lumbar strain had ceased to be the major contributing cause of any disability or need for treatment.

We agree with claimant that the third denial was barred by claim preclusion, a principle that the Supreme Court described generally in *Rennie v. Freeway Transport,* 294 Or 319, 323, 656 P2d 919 (1982):

"[A] plaintiff who has prosecuted one action against a defendant through to a final judgment * * * is [precluded] * * * from prosecuting another action against the same defendant where the claim in the second action is one which is based on the same factual transaction that was at issue in the first, seeks a remedy additional or alternative to the one sought earlier, and is of such a nature as could have been joined in the first action."

To prevent serial litigation, "courts employ a broad definition of what could have been litigated." *Drews v. EBI*

*Companies*, 310 Or 134, 141, 795 P2d 531 (1990). Claim preclusion applies "with respect to all or any part of the transaction, or series of connected transactions, out of which the action or proceeding arose." *Id.* (internal quotation marks omitted). Put differently, for purposes of claim preclusion, "'claim' * * * does not mean the particular form or proceeding by which a certain kind of relief is sought but, rather, a group of facts which entitled plaintiff to relief." *Id.* at 146 (quoting *Troutman v. Erlandson*, 287 Or 187, 201, 598 P2d 1211 (1979) (some internal quotation marks omitted; ellipsis in *Drews*)).

In this combined-condition case, employer had the burden to show that claimant's condition or circumstances had changed such that the otherwise compensable injury—the lumbar strain—had ceased to be the major contributing cause of the need for treatment of the combined condition. *See* ORS 656.262(6)(c); ORS 656.266(2)(a). By denying the compensability of claimant's combined condition, employer effectively asserted that it was entitled to relief from its continuing obligation to compensate claimant for his work-related injury because that injury was no longer the major contributing cause of claimant's disability or need for treatment. The facts on which employer relied in making that assertion are the same facts on which it relied in its first two denials: Claimant was injured at work, the injury combined with a preexisting condition, and the injury later resolved and thus was no longer a contributing cause, let alone the major contributing cause, of his disability or need for treatment. The only difference is the effective date of the denials. But the denial is not part of the "factual transaction." It is the legal mechanism by which employer sought relief—that is, it is the "form or proceeding by which * * * relief is sought" rather than part of the "group of facts which entitled [employer] to relief." *Drews*, 310 Or at 146.

Employer contends that the third denial was based on new medical evidence, including a physical examination of claimant. The evidence may be new, but the facts that the evidence reflects are not. Young and Thiessen both concluded that there had been "no change" in claimant's condition since 2007. Claimant's condition in 2007 was the

subject of employer's earlier denials, which were set aside, and employer was not entitled to litigate, again, the state of claimant's condition in 2007.

We also reject the ALJ's reasoning on the claim-preclusion issue, which was based on the change in the date of denial. According to the ALJ, the denial "as of August 11, 2010 * * * could not have been litigated at any of the prior proceedings" and, therefore, "claim preclusion does not bar its consideration now." But given that the record includes no evidence of an intervening change in claimant's condition, the August 2010 denial is nothing more than an effort by employer to escape its failure to effectively deny the claim in 2007 by relitigating the medical issues that it did not prevail on in the earlier proceedings. That is precisely the sort of serial relitigation that preclusion principles aim to prevent. Indeed, if the mere change in date of a denial were enough to overcome claim preclusion, an employer or insurer whose denial of a combined-condition claim was set aside by one ALJ could relitigate that issue indefinitely by simply denying the claim over and over until another ALJ agreed with the employer's or insurer's view of the medical evidence.

In short, employer's new evidence does not save the denial from preclusion because it does not reflect any change in claimant's medical condition since employer first attempted to deny the combined condition. *Cf. Kepford v. Weyerhaeuser Co.*, 77 Or App 363, 366, 713 P2d 625, *rev den*, 300 Or 722 (1986) (holding that a second claim was not precluded, because the evidence presented at the hearing on that claim represented "a new set of facts that could not have been litigated" at the hearing on the first claim). Because employer's third denial did not rest on any facts that could not have been litigated in the earlier proceedings, the denial was barred by claim preclusion. Accordingly, we reverse the board's order and remand with instructions to set the denial aside.

Reversed and remanded.