Argued and submitted February 26, affirmed December 17, 1997

In the Matter of the Compensation of
Sandy L. Rector, Claimant.

LIBERTY NORTHWEST INSURANCE CORPORATION
and Sacred Heart Hospital,
*Petitioners,*

*v.*

Sandy L. RECTOR,
*Respondent.*

(WCB 95-09339; CA A94334)

950 P2d 387

E. Jay Perry argued the cause for petitioners. With him on the brief was Employers Defense Counsel.

Dale C. Johnson argued the cause for respondent. With him on the brief was Malagon, Moore, Johnson & Jensen.

Before Warren, Presiding Judge, and Edmonds and Armstrong, Judges.

ARMSTRONG, J.

## ARMSTRONG, J.

Employer seeks review of an order of the Workers' Compensation Board that set aside employer's denial of claimant's claim for a low back condition and awarded a penalty against employer for unreasonable claim processing. We affirm.

Claimant has been employed as a nurse at employer's hospital since 1980. In 1993, claimant began experiencing ongoing pain in her groin that was worse with activity. "On March 8, 1994, claimant was working with patients, including lifting, when her [groin] pain suddenly worsened." Her doctor diagnosed "inguinal ligament discomfort" and prescribed medication. Claimant did not miss any work due to her condition. She filed a workers' compensation claim for a right "groin strain." On June 10, 1994, employer denied the claim on the ground that "the injury had not resulted in either treatment or disability." Claimant did not appeal the denial.

Through April 1995, claimant had intermittent groin pain that varied with her activities, but she did not experience any back pain. Then in April, "claimant developed right low back pain and buttock pain in addition to her groin pain in association with lifting at work." She sought treatment, but her symptoms worsened and "spread to include her right leg." "On May 13, 1995, claimant felt a snap in her back while lifting a patient." Her back pain became severe and she stopped working. Although her doctor later released claimant to light-duty work, employer did not want her to resume work while on medication. Claimant filed a workers' compensation claim for her low back condition. On August 10, 1995, employer denied the claim on the ground that its investigation had failed to establish that her condition was related to her employment.

Claimant sought a hearing. An administrative law judge set aside the denial and the Board affirmed that decision, stating:

"The symptoms in claimant's low back and right leg that have caused disability and required treatment since April

1995 have probably been due to internal disc disruption and an annular fissure at L5-S1. * * *

"Claimant's L5-S1 disc has probably degenerated, in part, due to aging. However, her ongoing work activities for employer over a matter of at least years through May 1995 is the major cause of her internal disc disruption and annular fissure at L5-S1 and the pathological worsening associated with those conditions. * * *

"As of August 10, 1995, the only medical opinion concerning the cause of claimant's low back condition indicated that her work for employer was the major cause of her condition."

Analyzing her low back and right leg condition as an occupational disease, *see* ORS 656.802, the Board concluded that claimant had satisfied her burden of proving a compensable condition. *See* ORS 656.266. The Board rejected employer's argument that claimant's decision not to request a hearing after its denial of her claim for a groin strain precluded her current claim, and it assessed a penalty against employer for unreasonably delaying payment of compensation to claimant.

■     Employer seeks review of that order. First, it assigns error to the Board's conclusion that the denial of claimant's 1994 claim for a groin strain did not preclude her 1995 claim for her low back condition. Second, it assigns error to the Board's finding that claimant's condition had changed between its denial of her claim for a right groin injury in June 1994 and its denial of her low back claim in August 1995. Because resolution of the second assignment of error simplifies analysis of the first assignment of error, we address it first.

        As an initial matter, employer asserts that the Board did not actually find that claimant's condition had changed between June 1994 and August 1995. That position is without support. In a section labeled "Findings of Fact," the Board made the following findings: In March 1994, claimant injured her groin. Her doctor diagnosed "inguinal ligament discomfort," for which claimant filed a workers' compensation claim that employer denied. Claimant had no back pain until early April 1995. In May 1995, her back pain

became severe and she stopped working. Claimant's back condition was diagnosed as an "internal disc disruption and an annular fissure at L5-S1." The major cause of that condition was "her ongoing work activities for employer over a matter of *at least years through May 1995*." (Emphasis supplied.) In a section labeled "Ultimate Findings of Fact and Conclusions of Law" the Board found that, between June 10, 1994, and August 10, 1995, claimant's "condition had changed to include significant new low back and right leg symptoms, with a subsequent new diagnosis of internal disc disruption and an annular fissure at L5-S1." Thus, the Board did find that claimant's condition had changed between June 1994 and August 1995.

The Board's findings are supported by substantial evidence in the record. "Substantial evidence exists to support a finding of fact when the record, viewed as a whole, would permit a reasonable person to make that finding." ORS 183.482(8)(c). The evidence in the record supports a finding that claimant's back pain was caused by the internal disc disruption and annular fissure at L5-S1. Employer does not dispute that finding but argues that the evidence also supports a finding that that condition caused claimant's groin pain. Even if that were true, it is irrelevant. The relevant issue is whether, considering the record as a whole, a reasonable person could find that claimant's condition had changed after the rejection of the groin claim. We conclude that a reasonable person could make that finding.

According to the record, when claimant went to the doctor in 1994, she was diagnosed with "inguinal ligament discomfort," a groin strain. There was nothing to indicate either to claimant or to her doctor that she had a low back injury. The reports of the doctors who examined claimant a year later in connection with her back and right leg pain noted her continuing groin pain, but they did not connect it to her low back condition. The record contains the depositions of two of those doctors, Miller and Karasek. Miller testified that he did not focus on the groin pain in making his assessment of claimant's back condition, but that, "taking the whole picture into account," the groin pain was probably connected to the back condition. He also stated, however, that it was not

"clear-cut" because, generally, when considering a back condition, referred groin pain originates from an upper disc disorder, which was not present here. Karasek testified that "the low back pain that [claimant] reported has a very high probability of coming from the L5-S1 disc" but that "[t]he groin and leg pain is more probably than not from this disk but is not nearly as certain as the low back pain." Like Miller, he noted that referred groin pain was much more common with an upper disc problem. Moreover, because claimant's back pain was not present when claimant initially injured her groin in 1994, he questioned whether the back condition explained the groin pain and stated that the groin pain and the back pain might be unrelated. Finally, he testified that he could not say when her back condition began to develop in the past years, but he believed that the injury culminated in May 1995. Based on that record, although claimant continued to have groin pain, there is substantial evidence to support the finding that claimant's condition had changed between June 1994 and August 1995.

■■■ Given that finding, employer's claim preclusion argument fails. "Claim preclusion bars litigation of a claim based on the same factual transaction [that] was or could have been litigated between the parties in a prior proceeding that has reached a final determination." *Messmer v. Deluxe Cabinet Works*, 130 Or App 254, 257, 881 P2d 180 (1994), *rev den* 320 Or 507 (1995). In this case, claimant's claim for her right groin injury became final when she chose not to file a request for a hearing after employer denied her 1994 claim. *See Drews v. EBI Companies*, 310 Or 134, 149, 795 P2d 531 (1990). Thus, claimant is precluded from relitigating the compensability of her groin injury. However,

> "[a]lthough a claimant may be barred from presenting new evidence relating to the same condition, [she] may renew a request for medical services if [her] condition has changed *and* the request is supported by new facts that could not have been presented earlier."

*Liberty Northwest Ins. Corp. v. Bird*, 99 Or App 560, 564, 783 P2d 33 (1989), *rev den* 309 Or 645 (1990) (emphasis in original). In this case, the Board determined that claimant's condition had changed since her earlier request. Employer does

not contend that, at the time it denied claimant's groin injury, claimant or her doctor knew or should have known that claimant had a low back condition. Consequently, the facts on which claimant's current claim is based are facts that the Board could find that claimant could not have presented earlier. Therefore, the Board properly concluded that claim preclusion does not bar claimant's current claim.

Employer also assigns error to the Board's decision to impose a penalty against employer under ORS 656.262-(11)(a). We have considered employer's argument and affirm the Board's decision without discussion.

Affirmed.