Argued and submitted May 2, affirmed September 5, 2001

In the Matter of the Compensation of
Andrea E. Henwood, Claimant.

SAIF CORPORATION
and Health Future, LLC,
*Petitioners,*

*v.*

Andrea E. HENWOOD,
*Respondent.*

99-06187; A110815

31 P3d 1096

Jerome P. Larkin argued the cause and filed the brief for petitioners.

Robert F. Webber argued the cause for respondent. With him on the brief was Black, Chapman, Webber & Stevens.

Before Landau, Presiding Judge, and Brewer and Schuman, Judges.

SCHUMAN, J.

## SCHUMAN, J.

Health Future, LLC, and its insurer, SAIF (collectively "employer"), seek judicial review of a Workers' Compensation Board (Board) order finding claimant's occupational disease compensable and assigning responsibility to employer even though an earlier out-of-state employment was the major contributing cause of the disease. We review for errors of law, ORS 656.298(7) and ORS 183.482(8)(a), and affirm.

Claimant developed carpal tunnel syndrome (CTS) from work performed for a California employer and received benefits under California's workers' compensation statutes. Subsequently, she moved to Oregon and went to work for employer, where, in 1998 and 1999, the working conditions contributed slightly to a recurrence of her CTS. Using the forms appropriate for an "initial claim," she sought benefits for an occupational disease. Employer denied the claim, informing claimant: "The disease you claim is a preexisting disease or condition. Your work exposure is not the major contributing cause of the combined condition or of a pathological worsening of the disease."

Claimant requested a hearing, and the administrative law judge reversed. On appeal to the Board, employer argued that the claim was noncompensable under ORS 656.802(2), which sets compensability standards for occupational diseases and provides, in part:

"(a) The worker must prove that employment conditions were the major contributing cause of the disease.

"(b) If the occupational disease claim is based on the worsening of a preexisting disease or condition pursuant to ORS 656.005(7), the worker must prove that employment conditions were the major contributing cause of the combined condition and pathological worsening of the disease."

Employer further argued that, if the claim was compensable, responsibility never shifted from the California employer under ORS 656.308(1), which provides:

"When a worker sustains a compensable injury, the responsible employer shall remain responsible for future

compensable medical services and disability relating to the compensable condition unless the worker sustains a new compensable injury involving the same condition. If a new compensable injury occurs, all further compensable medical services and disability involving the same condition shall be processed as a new injury claim by the subsequent employer. The standards for determining the compensability of a combined condition under ORS 656.005(7) shall also be used to determine the occurrence of a new compensable injury or disease under this section."

The Board rejected employer's arguments, concluding, first, that ORS 656.802(2)(a) did not render claimant's disease noncompensable because that subsection deems an occupational disease to be compensable if "employment conditions were the major contributing cause," and here the parties stipulated to the fact that "claimant's current bilateral CTS was due in major part to her work activities in California," that is, that the disease was employment-related; second, that ORS 656.802(2)(b) did not apply to determine compensability because the California-based CTS was not a "preexisting disease"; and third, that ORS 656.308(1) did not apply to assign responsibility because that statute could not be used to assign responsibility to an out-of-state employer. Instead, the Board applied the "last injurious exposure rule." That rule

"imposes full responsibility on the last employer, from the time of the onset of the disability, if the claimant was exposed there to working conditions that could have caused the type of disease suffered by the claimant. *Runft v. SAIF*, 303 Or 493, 499, 739 P2d 12 (1987). The last injurious exposure rule is both a rule of proof and a rule of assignment of responsibility. *Id.* at 500." *Roseburg Forest Products v. Long*, 325 Or 305, 309, 937 P2d 517 (1997).

The rule is a "rule of proof" in that it can be used to establish that a claim is compensable by proving that the disease results from all of the claimant's employment, including out-of-state jobs; it is a "rule of responsibility" in that it can be used to assign liability for that claim as between the claimant's employers. *Reynolds Metals v. Rogers*, 157 Or App 147, 153, 967 P2d 1251 (1998), *rev den* 328 Or 365 (1999); *Silveira v. Larch Enterprises*, 133 Or App 297, 302-03, 891 P2d 697

(1995). Here, the parties stipulated that employment conditions in California were the major contributing cause of claimant's CTS. The Board also found that claimant's work activity for employer in Oregon contributed slightly to her current need for treatment and that claimant's current condition could not be attributed to off-work activity. Based on those findings, the Board concluded that claimant's condition was compensable and employer was responsible. On judicial review, employer renews its arguments that, under the appropriate statutes, as opposed to the last injurious exposure rule, claimant's disease is not compensable, and, if it is, employer is not responsible.

■    We begin by addressing compensability. The parties stipulated that working conditions at claimant's earlier California employment were the major contributing cause of her CTS. The Board found that working conditions in Oregon under employer contributed slightly to claimant's CTS and that off-work activity did not contribute at all. There is substantial evidence to support all of those findings. Therefore, under the last injurious exposure rule, the claim is compensable. *Silveira*, 133 Or App 302-03 (under the rule, a disease is compensable if it results from all of a claimant's employments, including out-of-state employment).

■    Employer, however, argues that ORS 656.802(2), and not the last injurious exposure rule, provides the appropriate standard for determining compensability. We need not decide whether the statute applies here to the exclusion of the last injurious exposure rule, because the outcome is the same in either case: Claimant's disease is compensable.

ORS 656.802(2)(a) provides the general compensability standard for determining whether an occupational disease is compensable: "The worker must prove that employment conditions were the major contributing cause of the disease." The Board found this to be the case. Under subsection (2)(a), then, claimant has a compensable claim.

■■   ORS 656.802(2)(b) creates an exception to the general rule expressed in subsection (2)(a) for a particular class of occupational disease claims. ORS 656.802(2)(b) provides:

> "If the occupational disease claim is based on the worsening of a preexisting disease or condition pursuant to ORS 656.005(7), the worker must prove that employment conditions were the major contributing cause of the combined condition and pathological worsening of the disease."

Employer argues that claimant's current CTS is noncompensable because it is a claim based on a worsening of her preexisting California condition, and conditions at the *employer* were not its major contributing cause:

> "[B]ecause her claim in Oregon was based on a worsening of her preexisting condition from California, claimant must prove that her work activities at Health Future [*i.e.,* her Oregon employer] were the major contributing cause of the combined condition and of a pathological worsening of her preexisting disease."

Even if employer is correct that subsection (2)(b) applies because the condition from California is a "preexisting condition"—another issue we do not address—employer's interpretation of subsection (2)(b) is incorrect. An occupational disease based on the worsening of a preexisting disease is compensable if the worker can prove that "employment conditions" are the major contributing cause of both the combined condition and the worsening; the worker does not have to prove that *current* employment conditions are the major contributing cause of the combined condition. The statute uses the phrase "employment conditions" without qualifiers. Employer's reading would require insertion of the word "current" into the statute before "employment conditions." We will not insert into a statute what has been omitted. ORS 174.010; *PGE v. Bureau of Labor and Industries*, 317 Or 606, 611, 859 P2d 1143 (1993). When there are two employers, subsection (2)(b) more obviously and coherently applies when a worker seeks compensation for the worsening of a preexisting disease and factors unrelated to employment exist. It has no application where the preexisting disease and the worsening are both employment-related.

ORS 656.802(2)(b), then, does not require claimant to prove that her Oregon employment is the major contributing cause of her current condition; it only requires her to

prove that *any or all* working conditions were the major contributing cause of her current condition and of the worsening. That is the same standard, in this case, imposed by the last injurious exposure rule and subsection (2)(a)—a standard claimant meets. This claim is compensable.

■    We turn to employer's argument that the Board should have assigned responsibility pursuant to ORS 656.308(1). Employer maintains that the California CTS was a "compensable injury" so that the California employer "remains responsible" because claimant's Oregon CTS is not a "new compensable injury involving the same condition." The Board rejected this argument, relying on its own decisions for the proposition that initial responsibility cannot be assigned to a previous out-of-state employer. *See, e.g., John I. Jett*, 46 Van Natta 33 (1994) (reasoning that, because the out-of-state employer did not appear to be subject to Oregon workers' compensation laws, ORS 656.308(1) could not appropriately be used to determine responsibility). We agree with the Board.

■    *SAIF v. Yokum*, 132 Or App 18, 887 P2d 380 (1994), is instructive. In that case, the claimant made two occupational disease claims against two employers. The Board applied the last injurious exposure rule, fixing responsibility on the second employer. On review, the second employer argued that the Board should have applied ORS 656.308(1) so as to assign responsibility to the first employer. This court rejected the employer's argument, holding that ORS 656.308(1) did not apply because the statute

> "begins from the premise that there is an employer that is responsible to pay for a particular compensable condition. There is no responsible employer until there is an accepted claim and a determination of responsibility, if there is more than one potentially responsible employer. Thus, for the statute to be triggered, there must be an accepted claim for the condition, for which some employer is responsible."
> *Yokum*, 132 Or App at 23.

The principle underlying *Yokum* is applicable here as well: Where multiple employers contribute to an occupational disease, ORS 656.308(1) applies to shift responsibility from the earlier to the later employer only when an earlier claim has

been accepted *by some employer who can be held responsible for it*. If those criteria are not met, the claim is an initial claim, and "ORS 656.308(1) does not apply." *Id*. at 24. In *Yokum*, those criteria had not been met because there was no accepted prior claim. Here, those criteria are not met because, although there is an accepted prior claim in California, it is not a claim for which an employer can be held responsible under Oregon law. *See Progress Quarries v. Vaandering*, 80 Or App 160, 165, 722 P2d 19 (1986) ("[A] finding of liability under Oregon law would not have operated against [the out-of-state] employer and the claimant would not have been compensated for an admittedly employment related condition.");[1] *The New Portland Meadows v. Dieringer*, 153 Or App 383, 957 P2d 190, *on recons* 157 Or App 619, 622, 973 P2d 352 (1998), *rev den* 328 Or 365 (1999) (holding that initial responsibility cannot be assigned to an out-of-state employer).

A close reading of the workers' compensation statutes supports this understanding from our case law. Although the term "initial claim" is not defined by statute, it appears in ORS 656.005(24), the definition of "preexisting condition":

> "[A]ny * * * disease * * * that contributes or predisposes a worker to disability or need for treatment and that precedes the onset of an *initial claim* for an injury or occupational disease, or that precedes a *claim for worsening pursuant to ORS 656.273*." (Emphasis added.)

Thus, an occupational disease claim that is based on a preexisting condition is either an initial claim or a claim for worsening pursuant to ORS 656.273. That statute, in turn, establishes procedures for filing aggravation claims, and it clearly does not encompass claims based on the worsening of diseases incurred in out-of-state employment. ORS 656.273(4), for example, specifies time limits for filing aggravation claims, and the triggering event for beginning the limitation period is expressed in terms of Oregon law. ORS 656.273(4) provides:

---

[1] Further, in an occupational disease context, a claimant need not demonstrate a failed attempt to receive compensation out-of-state in order to take advantage of the rule. *Progress Quarries*, 80 Or App at 166.

"(a)   The claim for aggravation must be filed within five years after the first notice of closure made under ORS 656.268; or

"(b)   The claim for aggravation must be filed within five years after the date of injury, provided that the claim has been classified as nondisabling for more than one year after the date of injury or more than 60 days after the date of first classification by the insurer or self-insured employer, whichever is later."

By its terms, this statute applies to claims that have been processed under Oregon law and according to Oregon's classification system. Thus, because claimant's claim is not and could not be a claim for worsening pursuant to ORS 656.273—that is, a claim for worsening of a condition caused by Oregon employment—it is an initial claim, and ORS 656.308(1) does not apply.

Although construing the statutes so as to deem this claim "initial" creates the possibility of a double recovery in some circumstances involving prior out-of-state injuries, construing the statutes as employer suggests creates the possibility of no recovery at all for a work-related injury. This court has held that "the policy to make certain that Oregon workers are compensated for their injuries, see ORS 656.012, outweighs the concern about double recovery." *Silveira,* 133 Or App at 303 n 3. We therefore hold that claimant's claim for an occupational disease caused in part by a prior out-of-state employment is an initial claim for purposes of Oregon's workers' compensation system, and that ORS 656.308(1) does not apply.

Because ORS 656.308(1) does not apply, we rely instead on the last injurious exposure rule to assign responsibility. *Yokum,* 132 Or App at 24. Our decisions in *The New Portland Meadows* control the outcome here. In our original opinion in that case, we indicated that the claimant first worked in Washington and then in Oregon. The Oregon employer denied her claim because it was based on a preexisting condition. *The New Portland Meadows,* 153 Or App at 385. In our opinion on reconsideration, we applied the last injurious exposure rule and decided that initial responsibility could not attach to the out-of-state employer. We relied on

*Progress Quarries* for the proposition that we could not assign initial responsibility to the out-of-state employer over which this state had no jurisdiction and on *Silveira* for the proposition that the last injurious exposure rule applies even if there is only one employer subject to Oregon's jurisdiction. *The New Portland Meadows*, 157 Or App at 622. Under these precedents, we conclude here that employer is responsible for claimant's compensable occupational disease.

Affirmed.