Argued and submitted January 19, reversed and remanded for reconsideration
April 27, 2005

In the Matter of the Compensation of
Albert A. Ahlberg, Claimant.

Albert A. AHLBERG,
*Petitioner,*

*v.*

SAIF CORPORATION,
Ochoco Lumber Co., SAIF Corporation
and Hudspeth Pine, Inc.,
*Respondents.*

02-08306, 02-03551; A123806

111 P3d 778

James S. Coon argued the cause for petitioner. With him on the briefs was Swanson, Thomas & Coon.

Jerome P. Larkin argued the cause and filed the brief for respondents.

Before Wollheim, Presiding Judge, and Brewer, Chief Judge, and Deits, Judge pro tempore.

BREWER, C. J.

**BREWER, C. J.**

Claimant seeks review of an order of the Workers' Compensation Board upholding SAIF's denial of claimant's occupational disease claim for hearing loss on the ground that, by operation of claim preclusion, a previous unappealed denial of a claim for the same condition caused the hearing loss as it existed at the time of denial to become a noncompensable preexisting condition for purposes of the present claim. Because the board determined that claimant's previous work exposure could not be considered and that his subsequent work exposure was not the major contributing cause of his current condition, it concluded that claimant's claim was not compensable. We reverse and remand for reconsideration.

Claimant, age 64 at the time of hearing, worked in lumber mills, primarily as a planer grader, from 1959 until his retirement in March 2001. Claimant worked for Hudspeth from 1959 until 1982, and he worked at Ochoco from 1984 until his retirement. Claimant's work environment was noisy at both employers' facilities. Over the years of his employment, claimant developed bilateral sensorineural hearing loss. Both work environments were noisy enough to be the predominant cause of claimant's hearing loss.

In December 1984, claimant filed a hearing loss claim with SAIF. SAIF denied the claim in February 1985, stating:

> "Based on a thorough review of all information in your file, we must inform you that we are unable to accept your claim for hearing loss. The audiogram we have available and the test results we have available indicate your hearing loss is not in the compensable range. Therefore, as you have no compensable hearing loss, we must deny your claim for hearing loss."

The basis for the denial was that claimant's hearing loss, as measured by audiograms, was below the threshold for compensability. Claimant did not request a hearing regarding the 1985 denial and, as a result, the denial became final. Claimant's hearing loss increased between 1985 and 2002.

In January 2002, claimant filed a second claim with SAIF for bilateral hearing loss, in which he asserted that he suffered deafness as a result of working around loud machinery for 42 years. In March 2002, SAIF denied the claim. Claimant requested a hearing, arguing that the March 2002 denial should be set aside. SAIF responded that the current claim was barred by claim preclusion based on the unappealed 1985 denial of claimant's bilateral hearing loss. The administrative law judge (ALJ) set aside SAIF's denial.

The board reversed the ALJ's decision, concluding that the unappealed 1985 denial of claimant's hearing loss precluded the relitigation of his hearing loss before the date of that denial. The board reasoned that, when the denial of the first claim became final, the denied condition became a noncompensable preexisting condition. The board then treated claimant's current claim as one for worsening of a preexisting noncompensable condition under ORS 656.802(2)(b). It determined that claimant's work activities after 1985 were not the major contributing cause of his overall hearing loss and, thus, that the current claim was not compensable. Accordingly, the board reinstated SAIF's denial.

On judicial review, claimant argues that (1) the board erred in concluding that the unappealed 1985 denial gave rise to a preexisting condition and (2) the doctrine of claim preclusion does not apply to the 1985 denial. SAIF responds that the pre-1985 hearing loss is a noncompensable preexisting condition and that claimant's pre-1985 exposure may not be considered for purposes of determining the compensability of his current claim. Because SAIF's arguments are unavailing for related reasons, we consider them jointly.

■ In the workers' compensation context, the doctrine of claim preclusion bars litigation of a claim based on the same factual transaction that was or could have been litigated between the parties in a prior proceeding that reached a final determination. *Messmer v. Deluxe Cabinet Works*, 130 Or App 254, 257, 881 P2d 180 (1994), *rev den*, 320 Or 507 (1995).

■ Claimant's first claim for hearing loss became final when he chose not to request a hearing after employer denied it. *See Drews v. EBI Companies*, 310 Or 134, 795 P2d 531

(1990). Under the general rules of claim preclusion, claimant would be precluded from relitigating the compensability of his hearing loss in a subsequent claim. There are exceptions, however. If claimant's condition has changed and the claim is supported by new facts that could not have been presented earlier, then claim preclusion is not a bar. *Id.* at 142 (citing *Kepford v. Weyerhaeuser Co.*, 77 Or App 363, 713 P2d 625, *rev den*, 300 Or 722 (1986)) (claim preclusion rules against splitting a claim do not apply where basis for later claim did not yet exist at time of earlier decision); *Liberty Northwest Ins. Corp. v. Bird*, 99 Or App 560, 564, 783 P2d 33 (1989), *rev den*, 309 Or 645 (1990); *Liberty Northwest Ins. Corp. v. Rector*, 151 Or App 693, 950 P2d 387 (1997). The worsening of a denied condition is a change in the condition that will support the relitigation of a previously denied claim. *Kepford*, 77 Or App at 367. Accordingly, claimant is not barred from proving that his hearing loss has worsened.

Employer concedes as much but asserts that, in view of the finality of the 1985 denial, claimant's hearing loss as of 1985 must be treated as a preexisting noncompensable condition and that the doctrine of claim preclusion precludes consideration of any predenial employment exposure in determining the compensability of the current condition.

Assuming that employer is correct that claimant's pre-1985 hearing loss must be treated as a preexisting condition, we nonetheless reject the contention that claimant's pre-1985 exposure may not be considered in determining whether claimant now suffers from a compensable occupational disease. ORS 656.802(2)(b) sets forth the proof necessary to establish the worsening of a preexisting disease:

> "If the occupational disease claim is based on *the worsening of a preexisting disease* or condition pursuant to ORS 656.005(7), the worker must prove that *employment conditions* were the major contributing cause of the combined condition and pathological worsening of the disease."

(Emphasis added.) In order to establish an occupational disease based on a worsening of a preexisting condition, the claimant must prove that employment conditions were the major contributing cause of the worsening of the disease; it

makes no distinction, however, between employment conditions before or after the existence of the preexisting condition. As we held in *SAIF v. Henwood*, 176 Or App 431, 31 P3d 1096 (2001), ORS 656.802(2)(b) requires a claimant to prove only that *any and all* working conditions were the major contributing cause of his or her current condition and a worsening of a preexisting condition. Thus, we concluded that, even if a worker's previously accepted California worker's compensation claim was treated as a preexisting disease for purposes of paragraph (2)(b),

> "[a]n occupational disease based on the worsening of a preexisting disease is compensable if the worker can prove that 'employment conditions' are the major contributing cause of both the combined condition and the worsening; the worker does not have to prove that *current* employment conditions are the major contributing cause of the combined condition. The statute uses the phrase 'employment conditions' without out qualifiers. Employer's reading would require insertion of the word 'current' into the statute before 'employment conditions.' We will not insert into a statute what has been omitted. ORS 174.010; *PGE v. Bureau of Labor and Industries*, 317 Or 606, 611, 859 P2d 1143 (1993). * * *

> "ORS 656.802(2)(b), then, does not require claimant to prove that her Oregon employment is the major contributing cause of her current condition; it only requires her to prove that *any or all* working conditions were the major contributing cause of her current condition and of the worsening."

*Henwood*, 176 Or App at 436-37 (emphasis in original). The same principle applies here. To establish the compensability of a worsening of his preexisting hearing loss, claimant must prove that "any or all working conditions" were the major contributing cause of his current condition and worsening. It does not matter whether, as in *Henwood*, the working conditions included those involved in a previous out-of-state workers' compensation claim or, as here, a previously denied Oregon workers' compensation claim.

■　　Thus, we conclude that the legislature did not intend for claim preclusion principles to bar consideration of employment exposures that predate the preexisting condition in establishing the compensability of a worsening of the

preexisting condition. For that reason, as in *Henwood*, it is unnecessary here to determine whether SAIF's unappealed denial, in fact, made claimant's then-existing hearing loss a preexisting condition. In either case, the pre-1985 exposure must be included in determining the compensability of the current disease under ORS 656.802(2)(b).

Reversed and remanded for reconsideration.