Argued and submitted April 4, affirmed July 11, petition for review denied
October 18, 2007 (343 Or 363)

In the Matter of the Compensation of
Dean R. Kirby, Claimant.

Dean R. KIRBY,
*Petitioner,*

*v.*

SAIF CORPORATION
and Northwest Traffic Control, Inc.,
*Respondents.*

Workers' Compensation Board
0503524; A132244

162 P3d 1063

R. Adian Martin argued the cause and filed the briefs for petitioner.

Jerome P. Larkin argued the cause and filed the brief for respondents.

Before Schuman, Presiding Judge, and Edmonds and Ortega, Judges.

SCHUMAN, P. J.

**SCHUMAN, P. J.**

The Workers' Compensation Board (board) found that claimant's work-related injury sustained while working for employer was not compensable because it was not the major contributing cause of his need for treatment; rather, an earlier, out-of-state, work-related injury was at least an equal cause. For that reason, the board affirmed employer's denial of the claim. Claimant seeks review, arguing that, under the "last injury rule" or, alternatively, the statutory definition of a "compensable injury," his injury is compensable and employer is responsible. We affirm the board's order.

In 1999, claimant suffered an employment-related neck injury while working for an out-of-state employer, resulting in an accepted workers' compensation claim and, in 2000, surgery. After a period of recovery, claimant was released to work in May 2001. Despite some continuing pain, apparently resulting from a disc bulge that was caused in part by his surgery, claimant did not need significant treatment for his neck until the present injury.

That injury occurred after claimant had been working for employer in Oregon for approximately four years, beginning in 2001. In March 2005, while working as a flagger and traffic controller, claimant was a passenger in a truck that was driven over a substantial bump while traveling 30 to 40 miles per hour. The impact caused severe and violent jolting movements, resulting in pain. Claimant filed a workers' compensation claim. He sought medical treatment from his physician, Dr. Waller, who concluded that claimant's need for treatment was caused equally by, on the one hand, the jolting incident, and, on the other hand, claimant's earlier injury and treatment. An independent medical examination was conducted by Dr. Matteri, who concluded that claimant had a preexisting cervical condition including degenerative disc disease and residuals due to his 1999 injury and subsequent surgery. Matteri concluded that the jolting incident combined with the earlier injury and treatment to cause mild symptomatic exacerbation of claimant's chronic neck and upper extremity symptoms. Ultimately, Matteri concluded

that the 1999 injury and treatment were the major contributing cause of claimant's injury and that the 2005 jolting incident was only a material contributing cause.

Employer thereafter denied the claim. An administrative law judge (ALJ) agreed with employer, and claimant appealed to the board. The board adopted and affirmed the decision of the ALJ, basing its decision on ORS 656.005(7)(a). Under that statute, a "compensable injury" is an accidental injury "arising out of and in the course of employment" but "subject to the following limitations":

"(B)  If an otherwise compensable injury combines at any time with a preexisting condition to cause or prolong disability or a need for treatment, the combined condition is compensable only if, so long as and to the extent that the otherwise compensable injury is the major contributing cause of the disability of the combined condition or the major contributing cause of the need for treatment of the combined condition."

The board found that claimant's 2005 injury combined with his 1999 injury and treatment, that the 2005 injury was not the major contributing cause of his current need for treatment, and that the 1999 injury and treatment amounted to a preexisting condition.

On judicial review, claimant does not dispute that his current need for treatment results from a so-called "combined condition," nor that his 2005 injury is not the condition's major contributing cause. Rather, he argues that the board erred in one of two respects. Primarily, he contends that compensability of his condition is governed not by ORS 656.005(7)(a)(B), but by the "last injury rule." We have described that rule as follows:

"Where there are multiple accepted injuries involving the same body part, we will assume that the last injury contributed independently to the condition now requiring further medical services or resulting in additional disability, and the employer/insurer on the risk at the time of the most recent injury has the burden of proving that some other accepted injury last contributed independently to the condition which presently gives rise to the claim for compensation; e.g., that its accepted injury caused only symptoms

of the condition or involved a different condition affecting the same body part."

*Industrial Indemnity Co. v. Kearns*, 70 Or App 583, 585-86, 690 P2d 1068 (1984) (internal quotation marks omitted). Alternatively, claimant contends that, even if ORS 656.005(7)(a)(B) governs this case, his condition is nonetheless compensable because his out-of-state injury and treatment do not amount to a "preexisting condition." We disagree with both of claimant's arguments.

■ The "last injury rule" (LIR) developed as a variation of the "last injurious exposure rule" (LIER). *Boise Cascade Corp. v. Starbuck*, 61 Or App 631, 659 P2d 424 (1983), *aff'd*, 296 Or 238, 675 P2d 1044 (1984). LIER generally applies to employment related diseases; LIR generally applies to employment related injuries. *Id.* The two rules differ in at least one respect that is significant in this case. LIER has two aspects: It is a

" 'rule of proof' in that it can be used to establish that a claim is compensable by proving that the disease results from all of the claimant's employment, including out-of-state jobs; [and] it is a 'rule of responsibility' in that it can be used to assign liability for that claim as between the claimant's employers."

*SAIF v. Henwood*, 176 Or App 431, 434, 31 P3d 1096 (2001), *rev den*, 333 Or 463 (2002). LIR, however, is *not* a rule of proof. *Boise Cascade Corp.*, 61 Or App at 639-40. It does not allow a claimant to prove compensability merely by establishing that his or her current condition or need for treatment results from employment. Rather, it serves only as a rule of responsibility, presumptively assigning responsibility to the employer on the risk at the time of the last accepted injury that contributed independently to the claimant's condition giving rise to the need for treatment. *Kearns*, 70 Or App at 585-86. Consequently, LIR does not aid claimant in establishing compensability.

■ Compensability in this case, as the board determined, is governed by ORS 656.005(7)(a) (defining "compensable injury"). In particular, the compensability of a combined condition claim such as this one is governed by ORS 656.005(7)(a)(B), set out above. The board reasoned that, under that statute, claimant's 2005 injury, an "otherwise

compensable injury" because it arose out of and in the course of employment, was nonetheless not compensable because it combined with a preexisting condition and the preexisting condition, not the 2005 injury, was the major contributing cause of claimant's need for treatment. The board invoked the definition of "preexisting condition" in ORS 656.005(24)(a) to support its conclusion. That statute provides:

" 'Preexisting condition' means, for all industrial injury claims, any injury, disease, congenital abnormality, personality disorder or similar condition that contributes to disability or need for treatment, provided that:

"(A)   Except for claims in which a preexisting condition is arthritis or an arthritic condition, the worker has been diagnosed with such condition, or has obtained medical services for the symptoms of the condition regardless of diagnosis; and

"(B)(i)   In claims for an initial injury or omitted condition, the diagnosis or treatment precedes the initial injury;

"(ii)   In claims for a new medical condition, the diagnosis or treatment precedes the onset of the new medical condition; or

"(iii)   In claims for a worsening pursuant to ORS 656.273 or 656.278, the diagnosis or treatment precedes the onset of the worsened condition."

Under the plain language of this statute, claimant's out-of-state injury qualifies as "any injury." Compensable out-of-state injuries are not listed as exceptions to the general rule that a preexisting condition includes "any injury." Claimant's argument that a prior compensable injury cannot be a preexisting injury would require us to insert a new exception into the statute, which we may not do. ORS 174.010; *see also SAIF v. Drews*, 318 Or 1, 9, 860 P2d 254 (1993) ("preexisting condition" can include prior compensable injuries).

Claimant relies on two cases that, he argues, compel the conclusion that his claim is compensable: *Henwood*, 176 Or App 431, and *Garoutte v. Mail Well Corp.*, 200 Or App 507, 115 P3d 957 (2005), *rev den*, 340 Or 673 (2006). Neither is relevant. *Henwood* deals with the compensability of a disease claim under ORS 656.802(2)(a), and explicitly disavows

deciding whether a condition caused by out-of-state employment is a preexisting condition. 176 Or App at 436. *Garoutte*, although it mentions in passing the last injurious exposure rule, reaches no conclusions regarding that rule, much less the last injury rule, nor does it address ORS 656.005(7)(a)(B), the statute dealing with combined conditions.

Affirmed.