Argued and submitted September 4, 2009, reversed and remanded March 3, 2010

In the Matter of the Compensation of
Jon W. Pilgrim, Claimant.

Jon W. PILGRIM,
*Petitioner,*

*v.*

DELTA AIRLINES, INC.,
*Respondent.*

Workers' Compensation Board
0601940; A137246

227 P3d 1195

L. Leslie Bush argued the cause for petitioner. With him on the brief was Parker, Bush & Lane, P.C.

David P. Levine argued the cause for respondent. With him on the brief was Sheridan Levine LLP.

Before Landau, Presiding Judge, and Schuman, Judge, and Ortega, Judge.

LANDAU, P. J.

## LANDAU, P. J.

Claimant seeks review of an order of the workers' compensation board (board) upholding employer's denial of his occupational disease claim for hearing loss. The board concluded that the claim is properly analyzed as one for a combined condition, that is, a claim for current hearing loss that combined with earlier hearing loss. According to the board, claimant failed to establish that work was the major cause of the combined condition. Claimant argues that the board erred in treating his claim as one for a combined condition, and that, in any event, he met his burden of proof. We agree with claimant that, even if the board correctly classified the claim as one for a combined condition, it erred in concluding that claimant failed to meet his burden of proof. We therefore reverse and remand for acceptance of the claim.

This is a case involving successive compensable hearing losses during the same employment. The facts are undisputed. Claimant worked for employer in a noisy environment for 32 years, until he retired in 2006. He filed his initial claim for bilateral hearing loss in 1995. His physician, Dr. Hodgson, concluded that claimant had noise-induced bilateral sensorineural hearing loss. The doctor did not find any non-work-related cause of the hearing loss and concluded for that reason that noise exposure at work was the major contributing cause of the hearing loss. Employer accepted the claim, and it was closed with an award of 1.16 percent scheduled permanent partial disability.

Claimant continued to work in the same noisy environment. In 2005, he returned to Hodgson, concerned about increased hearing loss in both ears. Hodgson determined that claimant had experienced an additional 16 percent loss of hearing since 1996. Identifying no other causes, Hodgson attributed the claimant's hearing loss to his work exposure to noise since 1996.

Claimant filed a claim for his post-1996 hearing loss as a new occupational disease. Employer did not dispute that claimant's hearing loss was caused by his work exposure to noise over the preceding ten years. Employer, however, processed the claim as an aggravation under ORS 656.278 and

paid for claimant's medical bills, but refused to pay any benefit for disability, on the ground that claimant's aggravation rights had expired. When employer declined to process the claim as one for a new occupational disease, claimant requested a hearing, challenging employer's *de facto* denial of the claim.

The administrative law judge and the board upheld employer's denial. The board determined that claimant's earlier accepted claim for hearing loss must be treated as a "preexisting condition." *See* ORS 656.005(24)(b).[1] The board then determined that the compensability of the occupational disease claim must be evaluated under ORS 656.802(2)(b), as the worsening of a preexisting disease or condition, which requires a showing that "employment conditions were the major contributing cause of the combined condition and pathological worsening of the disease." The board concluded that the evidence was insufficient to show that claimant's work over the preceding ten years was the major contributing cause of claimant's combined hearing loss or the worsening of the previous hearing loss.

The board rejected claimant's contention that the claim should be analyzed as a claim for a new occupational disease, not a worsening or aggravation claim. The board reasoned that, in evaluating whether a new injury or disease has occurred with the same employer, the standard is the same as the one that applies in deciding responsibility among multiple employers under ORS 656.308. Under that statute, responsibility remains with the first employer, unless "the worker sustains a new compensable injury involving the same condition."[2] ORS 656.308(1) provides further:

> "If a new compensable injury occurs, all further compensable medical services and disability involving the same condition shall be processed as a new injury claim by the

---

[1] ORS 656.005(24)(b) provides:

"'Preexisting condition' means, for all occupational disease claims, any injury, disease, congenital abnormality, personality disorder or similar condition that contributes to disability or need for treatment and that precedes the onset of the claimed occupational disease, or precedes a claim for worsening in such claims pursuant to ORS 656.273 or 656.278."

[2] As the board explained it, that same test applies to "the shifting of responsibility" from the original accepted *claim* to the *new* claim.

subsequent employer. The standards for determining the compensability of a combined condition under ORS 656.005(7) shall also be used to determine the occurrence of a new compensable injury or disease under this section."

The board explained that, under the Supreme Court's decision in *Multifoods Specialty Distribution v. McAtee*, 333 Or 629, 635, 43 P3d 1101 (2002), if the claimant's condition "combined" with a preexisting condition, then the standard set forth in ORS 656.005(7)(a)(B) applies to the determination whether the claimant is to be compensated for the combined condition. Under that standard, the combined condition is compensable "only if, so long as and to the extent that" the new injury is the major contributing cause of the combined condition. ORS 656.005(7)(a)(B). Thus, in the board's view, the analysis of whether claimant in this case has suffered a new occupational disease turns on the same inquiry set forth in ORS 656.802(2)(b) for occupational disease claims based on worsening of a preexisting condition; that is, the claimant must establish that the most recent work exposure is the major contributing cause of the *combined* hearing loss.

In the board's view, the medical evidence did not satisfy claimant's burden. Although it was not disputed that claimant's post-1996 hearing loss is work related, the board explained that it could not determine from Hodgson's opinion whether claimant's post-1996 exposure was the major contributing cause of claimant's *combined* hearing loss, *i.e.*, his most recent hearing loss combined with the previous hearing loss.

One board member dissented. The dissenting member reasoned that claimant's hearing loss should not be treated as a combined condition, because there was no evidence either that claimant's earlier hearing loss had contributed to the post-1996 hearing loss or that the earlier hearing loss had worsened independently of the employment. Because the medical evidence supported claimant's theory that he had sustained a new hearing loss as a result of new exposure on the job, the dissenting board member reasoned that claimant's post-1996 hearing loss was independently compensable as a new occupational disease under ORS 656.802(2)(a).

On review, claimant contends that the board erred in applying the standards set forth in ORS 656.802(2)(b) to determine the compensability of his claim, because his claim presents a straightforward occupational disease claim under ORS 656.802(1) and ORS 656.802(2)(a). Claimant continues to assert that his new hearing loss is compensable as an occupational disease, as a consequence of new exposure to noise on the job. Employer asserts that substantial evidence supports the board's determination that claimant has failed to establish the compensability of a new occupational disease. It remains undisputed that claimant's post-1996 hearing loss was caused by the employment and that for that reason it is "compensable." The question, however, is whether the claim fits within a category of occupational disease that would allow claimant to be compensated for his additional employment-caused disability.

We begin our analysis with the occupational disease statute. ORS 656.802 provides, in part:

"(1)(a)  As used in this chapter, 'occupational disease' means any disease or infection arising out of and in the course of employment caused by substances or activities to which an employee is not ordinarily subjected or exposed other than during a period of regular actual employment therein, and which requires medical services or results in disability or death, including:

"* * * * *

"(C)  Any series of traumatic events or occurrences which requires medical services or results in physical disability or death.

"(2)(a)  The worker must prove that employment conditions were the major contributing cause of the disease.

"(b)  If the occupational disease claim is based on the worsening of a preexisting disease or condition pursuant to ORS 656.005(7), the worker must prove that employment conditions were the major contributing cause of the combined condition and pathological worsening of the disease."

ORS 656.802(1)(a)(C) defines an occupational disease as, among other things, a disease arising out of the employment resulting from "[a]ny series of traumatic events or occurrences which requires medical services or results in physical

disability or death." ORS 656.802(2)(a) states the general standard of proof for determining whether a disease is compensable. *SAIF v. Henwood*, 176 Or App 431, 435, 31 P3d 1096 (2001), *rev den*, 333 Or 463 (2002).

To establish an occupational disease, the worker must prove that the employment conditions were the major contributing cause of the disease. It is undisputed in this case that employment conditions are the only cause of both claimant's prior hearing loss and his post-1996 hearing loss. No other cause has been identified, and the medical evidence states unequivocally that work exposure is the cause.

ORS 656.802(2)(b) creates an exception to the general rule when the claim is based on the worsening of a preexisting condition. In that circumstance, the claimant must prove that "employment conditions were the major contributing cause of the combined condition and the pathological worsening of the disease." As noted, the board purported to apply that subsection in evaluating claimant's claim.

Claimant asserts that, in the absence of evidence either that claimant's additional hearing loss was caused in part by the earlier hearing loss—so as to lead to a combined condition—or that the earlier hearing loss has itself "worsened," this is not a claim for a worsening of a preexisting condition; rather, the medical evidence shows that this is simply a case in which a series of exposures at work is the major contributing cause of claimant's new hearing loss. ORS 656.802(2)(a). Claimant notes that the department's administrative rule for the rating of hearing loss allows for the apportionment of compensable hearing loss among successive employers or claims,[3] and he contends that his claim fits precisely into that circumstance. In the alternative, claimant asserts that, if this claim does fall within ORS 656.802(2)(b),

---

[3] OAR 436-035-0250(2) provides:

"Compensation may be given only for loss of normal hearing which results from an on-the-job injury or exposure. Unless the conditions have combined under OAR 436-035-0014(1), hearing loss which existed before this injury or exposure will be offset against hearing loss in the claim, if adequately documented by a baseline audiogram obtained within 180 days of assignment to a high noise environment."

claimant has met his burden to show the necessary employment connection.

■ ■ We need not address whether claimant's previous hearing loss is a preexisting condition as that term is defined in ORS 656.005(24)(b) or whether the board was correct in treating it as one under ORS 656.802 for purposes of determining whether claimant has experienced an occupational disease. That is because, even assuming that the previous hearing loss is a preexisting condition and that claimant's current hearing loss "combined" with that hearing loss, claimant is correct that he has satisfied the requirements of ORS 656.802(2)(b) and that the claim is compensable. As we explained in *Henwood*, when a preexisting condition and the worsening of that condition are both work related, ORS 656.802(2)(b) does not require that the claimant establish that the *current* employment conditions are the major contributing cause of the combined condition. It is sufficient for the claimant to establish that "employment conditions" are the major contributing cause of the combined condition. The evidence here satisfied that requirement.

In *Henwood*, the claimant sought to establish the compensability of her carpal tunnel syndrome. The claimant had previously suffered from carpal tunnel syndrome during employment in California, and the working conditions in Oregon had contributed only slightly to the carpal tunnel syndrome. The employer contended that the California condition was preexisting and that, in order to establish the compensability of the carpal tunnel syndrome as an occupational disease, ORS 656.802(2)(b) required the claimant to establish that the Oregon employment conditions were the major contributing cause of the combined condition. We rejected the contention, explaining:

> "Even if employer is correct that subsection (2)(b) applies because the condition from California is a 'preexisting condition' * * * employer's interpretation of subsection (2)(b) is incorrect. An occupational disease based on the worsening of a preexisting disease is compensable if the worker can prove that 'employment conditions' are the major contributing cause of both the combined condition and the worsening; the worker does not have to prove that *current* employment conditions are the major contributing

cause of the combined condition. The statute uses the phrase 'employment conditions' without qualifiers. Employer's reading would require insertion of the word 'current' into the statute before 'employment conditions.' We will not insert into a statute what has been omitted. ORS 174.010; *PGE v. Bureau of Labor and Industries*, 317 Or 606, 611, 859 P2d 1143 (1993). When there are two employers, subsection (2)(b) more obviously and coherently applies when a worker seeks compensation for the worsening of a preexisting disease and factors unrelated to employment exist. It has no application where the preexisting disease and the worsening are both employment-related."

176 Or App at 436 (emphasis in original).

In this case, as in *Henwood*, claimant's preexisting condition is work related. And in this case, as in *Henwood*— even assuming that claimant's previous hearing loss is a "preexisting condition" within the meaning of ORS 656.005(24)(b) and that his current hearing loss combined with the previous hearing loss—in order to establish an occupational disease, claimant need only prove that "*any or all* working conditions were the major contributing cause of [his] current condition and of the worsening." 176 Or App at 436-37 (emphasis in original); *see also Ahlberg v. SAIF*, 199 Or App 271, 276, 111 P3d 778 (2005) (same). In light of the fact that the undisputed record shows that claimant's combined hearing loss is work related, we conclude that claimant has met his burden of proof as a matter of law. We therefore reverse the board's order and remand for acceptance of claimant's occupational disease claim for hearing loss.

Reversed and remanded.