HADLOCK, J.
*744 In this forcible entry and detainer (FED) action, tenants, Rick Kilcup and Lorie Kilcup, who are husband and wife, appeal a judgment of restitution of rental premises to landlord. In their first assignment of error, tenants assert that, having previously obtained a judgment of restitution under ORS 90.396(1)(f) (allowing a landlord to terminate a tenancy on an expedited basis for conduct that is "outrageous in the extreme"), the landlord was precluded from obtaining a judgment of restitution under ORS 90.394 (allowing termination of rental agreement for nonpayment of rent). In a second assignment of error, tenants also contend that the trial court erred in determining that landlord adequately served the notice of termination on Rick Kilcup. As explained below, we reject both of tenants' assignments of error. Accordingly, we affirm the judgment of the trial court.
The relevant facts are as follows. Tenants own a manufactured home for which they rented a space in landlord's manufactured home park. Landlord sent tenant Rick Kilcup a 24-hour notice, dated February 25, 2015, that the tenancy was being terminated for an act that was outrageous in the extreme pursuant to ORS 90.396(1)(f). After a trial, on April 17, 2015, the court granted landlord a judgment of restitution. However, execution of the judgment was delayed until an agreed move-out date of May 1, 2015. At the end of April, tenant filed a notice of appeal of the judgment of restitution along with a supersedeas undertaking. See Emon Enterprises, LLC v. Kilcup , 285 Or. App. 639, 640-41, 395 P.3d 78 (2017).[1] The supersedeas undertaking *250 stayed the execution of the judgment of restitution that the court had entered after the trial on the 24-hour notice. See ORS 19.335(2).[2] *745 Meanwhile, tenants had tendered rent checks for March and April; landlord deposited the checks after the conclusion of the trial on the 24-hour termination notice but, on April 29, 2015, the bank returned the checks because the account on which they were drawn had insufficient funds. On May 8, 2015, landlord issued a 72-hour notice of termination of the tenancy for nonpayment of rent pursuant to ORS 90.394. Landlord served the notice by mailing it to "Rick Kilcup, Lorie Kilcup and all other occupants" at the premises that were the subject of the rental agreement. Thereafter, landlord filed an FED action against tenants to terminate their tenancy based on that notice.
At trial, tenants asserted that landlord could not obtain a judgment of restitution of the premises because landlord had already obtained such a judgment in the first trial. Tenants also asserted that landlord's service of the 72-hour notice on Rick Kilcup did not satisfy the "good faith" requirement contained in ORS 90.130.[3] At the close of evidence and after hearing argument, the trial court ruled in favor of the landlord and, as in the first trial, entered a judgment awarding landlord restitution of the premises.
In their first assignment of error on appeal, tenants contend that the trial court erred in entering the judgment of restitution because "Landlord already had successfully adjudicated that a prior 24 hour notice had terminated the * * * tenancy and had a judgment of restitution for the premises." Pointing to principles of claim preclusion and mootness, tenants assert that, in the earlier case on the 24-hour notice, "the parties adjudicated the question of termination of the tenancy," and landlord cannot file "serial actions requesting the court to award it the exact same relief already obtained." In response, landlord points out that tenants continued to occupy the premises at all times relevant to this case.
*746 Furthermore, landlord asserts that ORS 90.401 permits it to pursue multiple remedies and that this FED action was proper in light of that statute. We agree with landlord.
ORS chapter 90, the Residential Landlord Tenant Act (RLTA) "governs the obligations, rights, and remedies of landlords and tenants in residential tenancies." Eddy v. Anderson , 294 Or. App. 163, 172, 430 P.3d 1100 (2018) ; see ORS 90.100 - 90.940. As noted, ORS 90.394 provides for the termination of a tenancy for nonpayment of rent and ORS 90.396 provides for termination of a tenancy for an act that is "outrageous in the extreme," ORS 90.396(1)(f). Pursuant to ORS 90.401(1), a "landlord may pursue any one or more of the remedies set forth in ORS 90.392, 90.394, 90.396, 90.398, 90.403 and 90.405, simultaneously or sequentially."[4]
Tenants assert that the legislature's intent, as expressed in ORS 90.401(1) is not to allow "a landlord to obtain multiple judgments for possession against the same tenants." See State v. Gaines , 346 Or. 160, 170-72, 206 P.3d 1042 (2009) (in interpreting a statute to determine the legislature's intent, the court examines the statutory text in context and may consider legislative history proffered by a party to the extent it is useful). Although tenants acknowledge that the legislature intended to allow landlords flexibility in terminating *251 tenancies for cause, they maintain that if a landlord has obtained a judgment granting it a remedy under one of the statutory provisions listed in ORS 90.401(1), it cannot, thereafter, obtain a judgment granting a remedy under another of the statutes listed therein. However, tenants' contention is inconsistent with the plain text of ORS 90.401(1).
"Sequential" means "of, relating to, or forming a sequence." Webster's Third New Int'l Dictionary 2071 (unabridged ed. 2002). That is, "consecutive" or "serial." Id. (capitalization omitted). In other words, in pursuing statutory remedies sequentially, as permitted by the statute, a landlord may pursue them "in a series," "one right after the other often with small intervening intervals." Id. at 482 (definition of "consecutive"); see *747 Comcast Corp. v. Dept. of Rev. , 356 Or. 282, 295-96, 337 P.3d 768 (2014) (where the legislature has not provided a term with a statutory definition, we "ordinarily look to the plain meaning of a statute's text" and, "as stilted as the approach may sometimes seem, we frequently consult dictionary definitions of terms, on the assumption that, if the legislature did not give the term a specialized definition, the dictionary definition reflects the meaning that the legislature would naturally have intended"). Thus, by the plain, unambiguous text of ORS 90.401(1), a landlord may pursue a series of actions to terminate a tenancy and obtain possession of residential property one right after another.[5]
Furthermore, although the doctrine of claim preclusion generally "bars litigation of a claim based on the same factual transaction that was or could have been litigated between the parties in a prior proceeding that has reached a final determination," Liberty Northwest Ins. Corp. v. Rector , 151 Or. App. 693, 698, 950 P.2d 387 (1997) (internal quotation marks and brackets omitted), that bar does not apply in this case for at least two reasons. One reason is that, as discussed, ORS 90.401(1) expressly permits a landlord to pursue remedies under the provisions of RLTA listed therein either at one time ("simultaneously") or one after another ("sequentially"). Another reason is that an action seeking termination of a tenancy based on nonpayment of rent is not based on the same facts as an action seeking termination as the result of an act that is alleged to be "outrageous in the extreme." See Liberty Northwest , 151 Or. App. at 698, 950 P.2d 387. Thus, we are unpersuaded by tenant's assertion that landlord's FED action in this case was barred by claim preclusion.
Tenants also suggest that this FED action was moot and, therefore, the trial court lacked authority to adjudicate it. However, we are not persuaded by tenants' contention that a judgment in this case could have no practical effect on the rights of the parties in light of the earlier judgment on the 24-hour notice. See Brumnett v. PSRB , 315 Or. 402, 406, 848 P.2d 1194 (1993). Because, as noted above, at all *748 times relevant to this case, tenants remained in possession of the rental premises, landlord had not obtained the remedy it sought-restitution of the premises. And, as also noted, tenants appealed, ultimately successfully, the judgment in the case on the 24-hour notice. To the extent that landlord had new grounds to terminate the tenancy and obtain restitution of the premises, a judgment granting relief on that ground would have a practical effect in this case. For all of those reasons, we reject tenants' first assignment of error.
In their second assignment of error, tenants contend that the trial court erred in determining that landlord adequately served the 72-hour notice of termination on Rick Kilcup. Specifically, tenants assert that landlord did not adequately serve Rick Kilcup by sending the notice in an envelope jointly addressed to "Rick Kilcup, Lorie Kilcup, and all other occupants." Before the trial court, tenants raised a single argument in association with their "inadequate service" argument. They asserted that landlord's service of the notice by sending a single envelope containing the notice to the premises did *252 not satisfy the statutory requirement of "good faith" under ORS 90.130. The trial court rejected that argument, determining that landlord "used good faith" in this case. Having reviewed the record, we are not persuaded that the trial court erred in determining that landlord satisfied the requirement of good faith under ORS 90.130 under the circumstances of this case. We therefore reject tenants' "lack of good faith" argument without further discussion. Furthermore, to the extent that tenants now raise additional arguments regarding landlord's service of the 72-hour notice, they did not raise those contentions before the trial court and, because they are unpreserved, we do not address them. See Drake v. Alonso , 285 Or. App. 620, 624, 396 P.3d 961 (2017) (discussing preservation requirement).
Affirmed.

On appeal, we reversed the judgment of restitution that the court entered following the FED trial on the 24-hour notice, holding that tenant's act had not been "outrageous in the extreme." Emon Enterprises , LLC , 285 Or. App. at 645, 395 P.3d 78.

Pursuant to ORS 19.335(2),
"If a judgment requires the transfer or delivery of possession of real property, a supersedeas undertaking acts to stay the judgment if the undertaking provides that the appellant will not commit waste or allow waste to be committed on the real property while the appellant possesses the property, and the appellant will pay the value of the use and occupation of the property for the period of possession if the judgment is affirmed. The value of the use of and occupation during the period of possession must be stated in the undertaking."

ORS 90.130 provides:
"Every duty under this chapter and every act which must be performed as a condition precedent to the exercise of a right or remedy under this chapter imposes an obligation of good faith in its performance or enforcement."

As noted, the landlord in this case had previously pursued a remedy under ORS 90.396 and, in this case, sought a remedy pursuant to ORS 90.394.

Tenants briefly discuss the legislative history of ORS 90.401(1), stating that it is "unremarkable." The legislative history that they discuss is, first, not particularly helpful and, in any event, does not persuade us that the statute means anything different from what its plain text unambiguously provides.